IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          Case No. 4:11MJ6006-02-BD

GARY DON DODSON                                              DEFENDANT

## MOTION FOR AMENDMENT OF THE ORDER OF DETENTION

Gary Don Dodson, Defendant, by his Attorney, Steven R. Davis, prays for Amendment of the Order of Detention entered herein by U.S. Magistrate Judge Beth Deere on March 25, 2011, to provide for his release on conditions. Defendant states in support of his Motion the following:

1. The Defendant has been charged in a criminal complaint with (1) conspiracy to deprive another of civil rights in violation of 18 U.S.C. 241, (2) interference with housing rights in violation of 42 U.S.C. 3631, (3) use of a fire in the commission of a felony in violation of 18 U.S.C. 844(h), and (4) possession of an unregistered destructive device, in violation of 26 U.S.C. 5861(d).

2. The U.S. District Court has jurisdiction over the detention decision pursuant to 18 U.S.C. Section 3145.

2. The Defendant was arrested on or about March 16, 2011.

3. The Defendant has not yet been indicted on these or any other federal charges.

4. The Defendant's initial appearance before a U.S. Magistrate occurred on March 17, 2011, at which time the Defendant waived a preliminary examination, and the detention was deferred.

5. A detention hearing was held on March 25, 2011.

1

6. At the conclusion of the detention hearing, the U.S. Magistrate determined that no set of conditions could assure the safety of the community if the Defendant was released on bond. Therefore, the Defendant was remanded to the custody of the United States Marshal for detention pending trial.

7. The Defendant respectfully submits that the U.S. Magistrate erred in finding that no set of conditions could reasonably assure the safety of the community if the Defendant was released on bond.

8. The FBI agent testified that there have been no further threats to the victims of the alleged crime since the incident in question. Likewise, there have been no threats made to the cooperating witnesses.

9. If he were to be released, the Defendant would be under intense scrutiny by the U.S. Probation Officer, by law enforcement officers in general, including but not limited to the FBI, and by the press.

10. If he were to be released, the Defendant would reside with his fiancee, Shannon Patarak, in Ward, Arkansas, which is several counties away from the scene of the alleged crime.

11. The Defendant's alleged accomplice, Jason Walter Barnwell, has been detained and in all likelihood will remain detained. If Separate Defendant Dodson is released, there is little or no likelihood that he and Barnwell would communicate with each other and conspire to commit other crimes.

12. The hearsay evidence of an alleged homophobic slur made by Dodson to a person during a brawl in a bowling alley parking lot in Central California several years ago is not related to the crime with which he is charged here. The allegation was contained in

a report given to the Magistrate Judge which constitutes hearsay on top of hearsay and is inherently unreliable.

13. The sawed off shotgun in which the Government presented at the detention hearing is in the custody of the Federal government, and there is no likelihood that the Defendant could regain possession of it to use to threaten or intimidate anyone, including African Americans, gays, or other vulnerable groups in society.

14. Separate Defendant Dodson would agree as a condition of release to submit to electronic monitoring or to be restricted to home detention. Separate Defendant Dodson would agree not to have any contact with Jason Walter Barnwell or with any person known to be involved or suspected to be involved with the attack in question.

15. The Defendant submits that a combination of electronic monitoring, home detention, restriction from communication with victims and co-defendants, restriction from the use of alcohol or illegal drugs, and restriction from committing any crimes against Federal laws, State laws, or local ordinances, would reasonably assure the safety of any other person and the community. 18 U.S.C. 3142(e).

16. There is no showing that the Defendant is a flight risk. The Defendant has nowhere else to go. The Defendant is indigent and has no means to leave the jurisdiction of the Court.

WHEREFORE, Defendant, Gary Don Dodson respectfully prays that this Court amend the Order of Detention issued by U.S. Magistrate Judge Beth Deere on March 25, 2011, and allow the release of the Defendant upon such conditions as the Court deems necessary and advisable.

>Respectfully Submitted,
>
>/s/ Steven R. Davis
>Steven R. Davis, ABA #76029
>Attorney at Law
>P.O. Box 1801
>North Little Rock AR   72115-1801
>(501) 604-4525 (office)
>(501) 944-8998 (mobile)
>(888) 408-8265 (fax)
>srd@stevenrdavislaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed this pleading with the Clerk of the U.S. District Court through the Electronic Case Filing System on April 7, 2011, which will serve it electronically upon Ms. Jane Duke, Mr. Pat Harris, and Mr. John Ray White, Assistant U.S. Attorneys, P.O. Box 1229, Little Rock, AR, 72203.

>/s/ Steven R. Davis
>Steven R. Davis