IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                             4:11-CR-00062-02-BRW

GARY DODSON

### ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 221) is DENIED.

### I.     BACKGROUND

On December 7, 2011, Defendant pled guilty to one count of conspiracy to deny civil rights, one count of aiding and abetting an attempt to intimidate with use of a dangerous weapon and fire, and one count of aiding and abetting possession of unregistered firearm.[1] On April 6, 2012, he was sentenced to 180 months in prison.[2]

### II.    DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

---

[1] Doc. Nos. 154, 156.

[2] Doc. Nos. 185, 186.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant does not allege, nor does he provide documentation, that he exhausted his administrative remedies at the Bureau of Prisons.  Accordingly, Defendant's motion is premature and this Court lacks jurisdiction.

Even if I had jurisdiction, the request would be denied.  Defendant seeks compassionate release based on his seizures, sciatica, hypertension, high cholesterol, and obesity.  First, seizures, sciatica, hypertension, high cholesterol, and obesity are not "extraordinary and compelling" reasons warranting release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's medical conditions are not listed.  Furthermore, Defendant has provided no argument or evidence that his medical conditions cannot be controlled with medication or that they prevent him from independently functioning within the prison.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or

---

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

compelling enough reasons for release."[6]  Third, Defendant does not meet the age and minimum requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has several prior convictions.  The convictions include receiving stolen property, forgery, robbery, felon in possession of a firearm, and violation of civil rights.  The last two convictions involve the same behavior as the instant offense.

The severity of the instant offense must also be considered.  Defendant was the found and member of a white supremacist group that committed the crimes against the victims because of their race. He  drove the vehicle that transported the other co-conspirators to the victims' residence.  Defendant also purchased the gasoline used to make Molotov cocktails that were thrown through a window of the victims home, while they were in the home, resulting in the house catching fire.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 221) is DENIED.

IT IS SO ORDERED this 2nd day of March, 2021.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).